Santini v Gillian Abrams Design LLC (2020 NY Slip Op 05473)





Santini v Gillian Abrams Design LLC


2020 NY Slip Op 05473


Decided on October 06, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 06, 2020

Before: Friedman, J.P., Webber, Kern, Moulton, JJ. 


Index No. 154151/2016 Appeal No. 11940-11940A Case No. 2019/4508 

[*1]Diana Santini, Plaintiff-Appellant,
v
Gillian Abrams Design LLC, Defendant-Respondent. [And a Third-Party Action.]


Perry S. Friedman, New York, for appellant.
Richards A. Abrams, New York, for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about March 29, 2019, which, inter alia, granted the motion of defendant Gillian Abrams Design LLC (GAD) for summary judgment dismissing the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about September 23, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment dismissing defendant's second counterclaim for breach of contract, unanimously reversed, on the law, without costs, and the second counterclaim dismissed.
Plaintiff's complaint was properly dismissed. Initially, GAD established, prima facie, that it did not breach the parties' agreement. The parties' agreement, through which GAD was retained by plaintiff to provide interior design services, "must be enforced according to the plain meaning of its terms, and extrinsic evidence of the parties' intent may be considered only if the agreement is ambiguous" (Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 66 [1st Dept 2008], affd 13 NY3d 398 [2009]). The agreement does not provide that defendant's design services would include overseeing the renovation of the bathroom. Plaintiff's argument that the court should consider extrinsic evidence to imply an "oversight" function in the agreement is without merit as the agreement is clear and unambiguous, it contains a total integration clause and it provides that it can only be modified by a writing signed by both parties. Additionally, plaintiff's attempt to raise an issue of fact as to whether GAD breached the agreement by purchasing inferior quality replacement tiles is unavailing as the unambiguous agreement does not obligate GAD to purchase replacement tiles.
Further, plaintiff's negligence claim was properly dismissed. GAD established that there was no breach of a duty independent of a contractual duty and plaintiff has not raised an issue of fact with regard to whether such independent duty exists.
However, GAD's second counterclaim for breach of contract should have been dismissed. GAD alleges in the second counterclaim that an agreement existed between the parties such that it had agreed to pay for replacement tiles only if plaintiff agreed to replace the contractor, and that plaintiff breached that agreement by not doing so. Plaintiff has met her prima facie burden of demonstrating that there was no such agreement between the parties and GAD has failed to raise an issue of fact with regard to whether such agreement exists. The deposition testimony GAD relies upon in
support of showing a binding agreement actually suggests the opposite. Moreover, a fair reading of the February 2015 email does not support GAD's position that its offer to buy the replacement tiles was contingent upon plaintiff replacing the contractor.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2020